1  KARL S. HALL
   Reno City Attorney
2  MARK W. DUNAGAN
   Deputy City Attorney
3  Nevada State Bar No. 10574
   Post Office Box 1900
4  Reno, Nevada 89505
   (775) 334-2050
5  *Attorneys for City of Reno*
   *Scott Shaw and David Evans*
6

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF NEVADA

9                       * * * * *

10 | LAURA CONKLIN, an individual,            | CASE NO.: 3:18-cv-00260-MMD-VPC

11 |                    Plaintiff,

12 |
   | vs.
13 |                                          | **DEFENDANT DAVID EVANS'S
   |                                          | ANSWER TO COMPLAINT**
14 | CITY OF RENO; a municipality; City of
   | Reno *ex. rel* its Department of Police, a
15 | municipality; DAVID EVANS an
   | individual; SCOTT SHAW, an individual;
16 | and DOES 1-10
17 |                    Defendants.
18

19                        **ANSWER**

20       Defendant David Evans ("Evans") hereby responds to the Plaintiff Laura Conklin's

21 Complaint (ECF No. 1) and its allegations, as such allegations pertain to Evans only, by

22 admitting, denying and averring as follows:

23       1.    Evans admit the allegations of Paragraphs 4, 5, 6, 7, 8, 13, 17, 41, 48, 57, 61, 62,

24 63, 66, 74, 80, 103, and 104 of the Complaint.

25       2.    Evans denies the allegations of Paragraphs 2, 9, 21, 36, 39, 43, 45, and 47 of the

26 Complaint.

27

28

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-1-

3.      Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 3, 10, 11, 12, 14, 15, 16, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 40, 42, 44, 46, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 64, 65, 67, 68, 69, 70, 71, 72, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 105, 106, 107, 108, 109, 110, and 111 of the Complaint and therefore denies the same.

4.      Evans re-asserts his responses to the respective allegations re-alleged by Plaintiff in Paragraphs 60, 73, 86, 93, and 102 of the Complaint.

5.      With regard to all allegations containing citations to statutory or case law, assertions regarding the interpretation, meaning or applications of such law, or general assertions about any law or a body of law, such allegations are not factual allegations to which a response is required.  Except where otherwise clearly indicated, Evans does not adopt, admit or deny Plaintiff's allegations concerning any law or its interpretations.   This paragraph is the response to the allegations of Paragraphs 75, 76, 77, 78, 79, and 81 of the Complaint.

6.      With regard to all allegations based on unstated, unknown or unascertainable information, speculation, assertions stated without context or in vague, ambiguous, multiple or alternative ways, documents which are not part of the Complaint, conclusory allegations based on examples or generalizations, generalized statements about the acts or omissions of one or more unidentified persons or group members, conclusory allegations regarding the meaning of evidence, intentions, potential future actions and/or information or belief, the City Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny the same.

7.      To the extent not indicated elsewhere in this Answer, Evans denies all allegations of wrongdoing, liability and responsibility for damages.

//

//

//

**AFFIRMATIVE DEFENSES**

1.     Evans is immune from this action, and any liability alleged, pursuant to, among other authorities, NRS Chapter 41, including but not limited to sections 41.032 and 41.03475.

2.     Plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted.

3.     Plaintiff has contractually released claims related to many of the factual allegations of the Complaint, and relief cannot be granted as to causes of action premised on such allegations.

4.     All decisions with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-pretextual reasons.

5.     All actions taken by Evans were reasonable, proper, and justified, and therefore cannot form a basis for liability.

6.     Plaintiff failed to mitigate her damages, if any, which are thereby reduced.

7.     Plaintiff's damages, if any, were caused by independent, intervening or concurrent causes and third parties over which Evans had no influence or control.  Evans is not responsible or liable for such causes and actions.

8.      An award of damages, if any, is limited by the provisions of NRS 41.0335 and NRS 41.035.

9.     Plaintiff's claims are barred by the doctrines of accord and satisfaction, waiver, estoppel, laches, and unclean hands.

10.     Plaintiff's claims are barred by her failure to comply with statutory prerequisites for this action.

11.     Plaintiff's claims are barred by 42 U.S.C. § 2000e-5(e) to the extent that Plaintiff makes allegations or claims under Title VII with respect to a time period more than 300 days before Plaintiffs allegedly filed a charge with the Equal Employment Opportunity Commission ('EEOC"), or which were not made the subject of a timely EEOC charge.

12.     Plaintiff's claims are barred to the extent that the allegations contained therein do not reasonably fall within the scope of claims made in any administrative charge timely filed by Plaintiff with the EEOC.

13.     Some or all of Plaintiff's claims are barred by the doctrines of claim preclusion and issue preclusion.

14.     Plaintiff's claims are barred by the applicable statute of limitations and repose.

15.     Plaintiff is barred from recovering damages as her claims are speculative, and/or unsupported by substantial or reliable evidence.

16.     Evans is entitled to discretionary immunity and qualified immunity.

17.     Evans's actions were reasonable and made in compliance with all laws governing such actions.  Therefore, no liability for violation of the law can exist.

Evans reserves the right to amend this pleading to include any additional or further affirmative defenses as their bases become known and relevant, and to bring other related affirmative claims.

Wherefore, Evans prays:

1.     For judgment in his favor on all claims and defenses of the parties;

2.     For an award of all costs and attorney's fees incurred; and

3.     For any additional or further relief this Court may deem just and

DATED this 25th day of July, 2018.

KARL S. HALL
Reno City Attorney


By:/s/ Mark W. Dunagan
          MARK W. DUNAGAN
          Deputy City Attorney
          Nevada State Bar #10574
          Post Office Box 1900
          Reno, Nevada 89505
          *Attorneys for City of Reno,*
          *Scott Shaw and David Evans*

1

## CERTIFICATE OF SERVICE

2      Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY

3  ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on

4  the party(s) set forth below by:

5

6  _____  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

7

8  _____  Personal delivery.

9  __X__  EFlex electronic service

10  _____  Facsimile (FAX).

11  _____  Federal Express or other overnight delivery.

12  _____  Reno/Carson Messenger Service.

13

14  addressed as follows:

15

16  Jason D. Guinasso, Esq.
Hutchison & Steffen, PLLC
17  500 Damonte Ranch Pkwy, Suite 980
Reno, NV 89521
18  *Attorney for Plaintiff*

19      DATED this __25th__ day of June, 2018.

20

21             /s/ Katie Wellman
22             Katie Wellman
Legal Assistant
23

24

25

26

27

28